UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WILLIAM COLE,

       Plaintiff,

  v.                                              23-CV-676-LJV
                                                ORDER
JOHN DOE,

       Defendant.
_____

      The *pro se* plaintiff, William Cole, filed a complaint asserting claims under 42 U.S.C. § 1983 and alleging that he was injured by unidentified law enforcement personnel in the City of Buffalo.  Docket Item 1.  This Court previously granted Cole permission to proceed *in forma pauperis* and screened the complaint under 28 U.S.C. § 1915(e)(2)(B).  Docket Item 3.  In its screening order, the Court found that the complaint failed to state claims upon which relief can be granted but gave Cole an opportunity to amend his complaint.  *Id.*  The Court warned Cole that if he failed to file an amended complaint correcting the deficiencies noted in the screening order, his complaint would be dismissed.  *Id.* at 10-11.

      Rather than filing an amended complaint, Cole filed several documents, most of which this Court already had considered because they were attached to the original complaint.  Docket Items 4 and 7; *see* Docket Item 3 at 3 n.1 (summarizing documents attached to the original complaint).  Nevertheless, because Cole is proceeding *pro se*, the Court liberally construes those documents as an amended complaint and screens the amended complaint.  *See Triestman v. Fed. Bur. of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a *pro se* litigant must be

construed liberally and interpreted to raise the strongest arguments that they suggest." (citation and internal quotation marks omitted)).

After reviewing those documents, the Court finds that Cole has not corrected the deficiencies identified in the first screening order. This action therefore is dismissed under 28 U.S.C. § 1915(e)(2).

## DISCUSSION

Section 1915(e)(2) "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action "at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (citation omitted); *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

I.      SCREENING THE COMPLAINT

In evaluating the complaint, the court accepts all factual allegations as true and draws all inferences in the plaintiff's favor.  *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).  Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even a *pro se* complaint "must plead 'enough facts to state a claim to relief that is plausible on its face,'" *Shibeshi v. City of New York*, 475 F. App'x 807, 808 (2d Cir. 2012) (summary order) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  In other words, although a *pro se* complaint need not provide every last detail in support of a claim, it must allege some facts that support the claim.  *See id*. (concluding that district court properly dismissed *pro se* complaint under section 1915(e)(2) because complaint did not meet pleading standard in *Twombly* and *Iqbal*).  And even *pro se* pleadings must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *see Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004), and "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

This Court construed the original complaint, which contained "few allegations," as asserting claims against unidentified City of Buffalo Police Officers for an incident that allegedly occurred on March 18, 1997.  Docket Item 3 at 3.  Cole alleged only that "[they] beat me up, [and] sent me out of town into the NY prison system."  Docket Item 1

at 1, 3-4; *see* Docket Item 3 at 3.  A notice of claim attached to the complaint, however, alleged that in the summer of 2021, at the corner of Bailey and Kensington Avenues, Buffalo Police Officers "confronted" Cole "without any articulable susp[icion] or other indication of wrongdoing or any probable cause" and "threatened, harassed, detained, abused, [and] cursed [at] him."  Docket Item 1 at 6-7; *see* Docket Item 3 at 3-4.

The documents that Cole submitted in response to the first screening order include, among other things, a seemingly self-created paper stating that Cole was to receive a "Key to the City" at an upcoming Juneteenth festival, Docket Item 4 at 1, 16; Docket Item 7 at 1; handwritten notes stating Cole was "choked" and "beat up" in New York City like "Eric Goldstein,"[1] Docket Item 4 at 3, 8, 14; Cole's Buffalo Police Department "Rap Sheet," *id.* at 4-7, 19; and Cole's notice of claim against the City of Buffalo, *id.* at 10-12.

This Court previously concluded that the notice of claim was likely the basis for Cole's claims.  Docket Item 3 at 4.  It further concluded that the notice of claim attempted to raise a Fourth Amendment unlawful stop or seizure claim and a Fourth Amendment excessive force claim and that both claims were subject to dismissal because they failed to state plausible claims for relief.  *Id.* at 4-8.

None of the documents Cole has submitted in response to the first screening order correct the deficiencies in the original complaint or otherwise change this Court's analysis of the viability of Cole's claims.  *See* Docket Items 4 and 7.  Because Cole still has failed to state a claim upon which relief may be granted, this action is dismissed

---

[1] The Court assumes Cole is referring to Eric Garner.  *See* Docket Item 4 (copy of news article about Eric Garner).

without leave to amend.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Henderson v. Hannah*, 2021 WL 1565311, at *3 (D. Conn. Apr. 21, 2021) (dismissing *pro se* plaintiff's claim because "[n]o allegations in [the] amended complaint regarding" the claim "correct the deficiencies . . . identified in [the] initial review order"); *Williams v. Baxter*, 2023 WL 5584345, at *3 (W.D.N.Y. Aug. 29, 2023) (when plaintiff has been "apprised of the deficiencies in his complaint and put on 'the plainest notice of what was required'" but "has still not alleged any facts that plausibly state a claim for relief," dismissal without leave to amend is appropriate (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978))).

## **CONCLUSION**

For the reasons stated above, this action is dismissed under 28 U.S.C. §§ 1915(e)(2)(B).  The Clerk of the Court shall close this case.

The Court hereby certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   November 27, 2023
        Buffalo, New York

                                            ***/s/ Lawrence J. Vilardo***
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE